IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RUDOLPH GEORGE STANKO, :
:
    Petitioner :
: CIVIL NO. 4:09-CV-2180
:
    v. : (Judge McClure)
:
DAVID EBBERT, :
:
    Respondent :

## **MEMORANDUM**

May 5, 2010

Petitioner Rudolph George Stanko, an inmate presently confined at the Terre Haute Federal Correctional Institution ("FCI Terre Haute") in Terre Haute, Indiana, initiated the above action *pro se* by filing a petition for writ of habeas corpus ("petition") under the provisions of 28 U.S.C. § 2241. (Rec. Doc. No. 1.) At the time of filing, Stanko was confined at the Allenwood Federal Correctional Institution ("FCI Allenwood") in White Deer, Pennsylvania.[1] The petition originally was filed on September 16, 2009 in the United States District Court for the District of Columbia. (*See* Rec. Doc. No. 1.) Pursuant to a transfer order dated September 18, 2009, the

---

[1] Stanko's involuntary transfer out of this district does not defeat this court's jurisdiction over his habeas petition. *See Barden v. Keohane*, 921 F.2d 476, 477 (3d Cir. 1990) (retaining jurisdiction over the habeas petitioner who had been involuntarily transferred to another federal prison outside the court's jurisdiction).

case was transferred to this Court and opened on November 6, 2009. (*See* Rec. Doc. Nos. 3, 4.)

In an Order dated December 8, 2009, FCI Allenwood Warden David Ebbert was deemed to be the only proper respondent to this action; Stanko's first, third, and fourth grounds were dismissed without prejudice to his ability to pursue those claims in a properly filed civil rights action; and Respondent was directed within twenty-one (21) days to file a response solely as to Stanko's ground asserting that he is entitled to a twelve month placement in a Residential Reentry Center ("RRC") and that he was not properly considered for RRC placement by the Federal Bureau of Prisons ("BOP"). (*See* Rec. Doc. No. 6.)

On December 24, 2009, Respondent filed a response (Rec. Doc. No. 10), supporting exhibits (Rec. Doc. No. 10-2), and supporting authority (Rec. Doc. No. 10-3). On January 12, 2010, Stanko filed a reply (Rec. Doc. No. 14) and exhibits (Rec. Doc. Nos. 14-2 through 14-9). On January 14, 2010, Stanko filed a second copy of his exhibits. (Rec. Doc. No. 16.) Because one of the documents in Stanko's list of exhibits, Declaration of Facts, was not included with the reply, by Order dated January 13, 2010, he was given an opportunity to file the exhibit within fourteen (14) days. (*See* Rec. Doc. No. 15.) Stanko filed his Declaration of Facts on January 20, 2010. (Rec. Doc. No. 17.) On January 26, 2010, Stanko filed a motion requesting leave to

file a copy of the opinion in *Strong v. Schultz*, 599 F. Supp. 2d 556 (D.N.J. 2009) as an addendum to his reply. (Rec. Doc. No. 18.) By Order dated January 29, 2010, his motion was granted, and the Court accepted a copy of the opinion as an addendum to Stanko's reply brief. (Rec. Doc. No. 19.) Accordingly, the petition is fully briefed and ripe for review. For the reasons set forth below, the petition will be dismissed.

## I.    Factual Background

On August 3, 2006, Stanko was sentenced in the United States District Court for the District of Nebraska to a seventy-two (72) month term of imprisonment for the offense of being a felon in possession of a firearm. (Rec. Doc. No. 10-2 at 4, McCluskey Decl., ¶ 4.)[2] His projected release date is August 29, 2011 via good conduct time release. (*Id.*) At the time of filing, Stanko was confined at FCI Allenwood, where he had been an inmate since July 27, 2009. (*Id.*)

Recommendations for RRC placements ordinarily are reviewed with the inmate and the Unit Team seventeen (17) to nineteen (19) months before an inmate's probable release date. (*Id.* ¶ 5; Rec. Doc. No. 10-2 at 19, 4/14/08 BOP Memorandum for Chief Executive Officers.) RRC referrals should be forwarded to the Community Corrections Manager ("CCM") at least sixty (60) days prior to the maximum

---

[2]Citations to page numbers refer to the page number on the CM/ECF electronic record.

3

recommended range or date. (Rec. Doc. No. 10-2 at 4, McCluskey Decl., ¶ 6; Rec. Doc. No. 10-2 at 30-31, BOP Program Statement ("P.S.") 7310.04, <u>Community Corrections Center Utilization and Transfer Procedures</u>.) These recommendations and referrals are based on assessments of inmate needs for services, public safety, and the necessity of the Bureau to manage its inmate population responsibly. (Rec. Doc. No. 10-2 at 5, McCluskey Decl., ¶ 7; Rec. Doc. No. 10-2 at 34-37, P.S. 7310.04.) When assessing an inmate for recommendation, the Unit Team reviews the resources of the placement facility, the resources available to the inmate in that area, the nature and circumstances of the inmate's offense, the history and characteristics of the inmate, and any other pertinent information or documents that will assist with the inmate's placement at an RRC. (Rec. Doc. No. 10-2 at 5, McCluskey Decl., ¶ 7.)

As of the date of filing the response on December 24, 2009, Stanko's most recent program review had been held by his Unit Team in August 2009. (*Id.* ¶ 8.) At that program review, Stanko was advised that his eligibility and appropriateness for RRC placement would be reviewed at his next program review scheduled for February 2010. (*Id.*) As of February 2010, Stanko was to be within seventeen (17) to nineteen (19) months of his projected release date. (*Id.*)

## II. Discussion

Title 28 U.S.C. § 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001) (quoting 28 U.S.C. §§ 2241(a) and (c)(3)). In *Woodall v. Federal Bureau of Prisons*, the United States Court of Appeals for the Third Circuit concluded that § 2241 is the appropriate means for challenging a decision to exclude an inmate from release to an RRC. 432 F.3d 235, 242 (3d Cir. 2005).

Article III of the Constitution requires the existence of an active case or controversy before a matter may be presented to a federal court. *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992); *Presbytery of N.J. of Orthodox Presbyterian Church v. Florio,* 40 F.3d 1454, 1462 (3d Cir. 1994); *see also* U.S. CONST. art. III § 2; *Danvers Motor Co., Inc. v. Ford Motor Co.,* 432 F.3d 286, 291 (3d Cir. 2005) ("By ensuring that litigants present actual cases and controversies, [Article III] keeps the judicial branch from encroaching on legislative prerogatives, thereby preserving the separation of powers."). Standing and ripeness are components of the case or controversy requirement. *Presbytery of N.J.,* 40 F.3d at 1462; *Taliaferro v. Darby Twp. Zoning Bd.,* 458 F.3d 181, 188 (3d Cir. 2006); *Joint Stock Soc'y v. UDV N. Am., Inc.,* 266 F.3d 164, 174 (3d Cir. 2001); *In re GI Holdings, Inc.,* 122 Fed. Appx. 554, 556 (3d Cir. 2004). "[Ripeness] tells us when a proper party may

bring an action and . . . standing tells us who may bring the action." *Presbytery of N.J.,* 40 F.3d at 1462.

The Supreme Court has identified three elements that comprise the "irreducable constitutional minimum of standing." *Lujan,* 504 U.S. at 560. A plaintiff first must "have suffered an 'injury in fact'-an invasion of a legally protected interest which is (a) concrete and particularized [citations omitted] and (b) 'actual or imminent, not 'conjectural or hypothetical.'"" *Id.* (quoting *Los Angeles v. Lyons,* 461 U.S. 95, 102 (1983)). Next, the injury suffered by the plaintiff must be causally connected to the conduct of which the plaintiff complains: "the injury has to be 'fairly ... trace[able] to the challenged action of the defendant, and not . . . [t]he result [of] the independent action of some third party not before the court.'" *Id.* (quoting *Simon v. Eastern Ky. Welfare Rights Organization,* 426 U.S. 26, 41-42). Finally, "it must be 'likely' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Id.* (quoting *Simon*, 426 U.S. at 38, 43).

In his petition, Stanko alleges that the policies implemented by the BOP to consider inmates for RRC placement are inconsistent with the Second Chance Act and that the BOP has refused to use the base score for classifying minimum security prisoners in determining his eligibility for RRC placement such that he would be eligible for the maximum allowable time in an RRC. (*See* Rec. Doc. No. 1 at 7.) As

relief, he requests that the Court direct the BOP to follow the intent of Congress in enacting the Second Chance Act and to rule that the BOP policies are inconsistent with that Act. (*See id.* at 14 ¶ 2.) He also requests to be scored as a minimum security prisoner in the determination of his RRC placement. (*See id.* ¶ 3.)

Stanko does not have standing to obtain the relief he requests because he has not suffered an injury in fact. At the time he filed the petition on September 16, 2009, Stanko was more than nineteen (19) months from his projected release date of August 28, 2011, and therefore, the Unit Team had not yet reviewed his eligibility for RRC placement and was not required to do so under its current policies. (*See* Rec. Doc. No. 10-2 at 4, McCluskey Decl, ¶ 5; Rec. Doc. No. 10-2 at 19, 4/14/08 BOP Memorandum.) Because the BOP had not yet made a decision about Stanko's eligibility that he could challenge at the time of filing the instant action, there is no case or controversy for this Court to adjudicate. Stanko's assertion that he has suffered an injury is speculative in that it is based on his assumption that the BOP will either deny him RRC placement or not properly consider him for such placement at the time it evaluates his eligibility. Because Stanko has not suffered an injury, and indeed, may never suffer the injury about which he speculates, he lacks standing to seek the relief he requests in the instant petition, and this Court lacks jurisdiction to entertain it. *See Griffin v. Holt*, Civil No. 3:08-CV-1028, 2008 WL 5348138, at *3 (M.D. Pa. Dec. 17, 2008) (Munley, J.) (finding inmate lacked standing to challenge

BOP RRC policy where he was not yet eligible for consideration for RRC placement at time of filing petition). Consequently, we will dismiss Stanko's petition for writ of habeas corpus.

## III. Conclusion

For the foregoing reasons, the petition for writ of habeas corpus (Rec. Doc. No. 1) will be dismissed. An appropriate Order will issue.

    s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge